779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID A. HOLMDEN, Plaintiff-Appellant
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 84-1790
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 W.D.Mich.
 On Appeal From the United States District Court for the Western District of Michigan
 BEFORE: KEITH, MILBURN and PECK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, David Holmden appeals from a district court order affirming the decision of the Secretary of Health and Human Services denying his application for disability insurance benefits.
 
 
 2
 Mr. Holmden filed an application for a period of disability and disability insurance benefits on April 29, 1982. The application was denied initially and on reconsideration. Following a de novo hearing held March 22, 1983, an administrative law judge (ALJ) concluded that Mr. Holmden, a 36 year-old college graduate, suffered a severe impairment but retained a residual functional capacity to perform sedentary work. The ALJ also determined that Holmden's complaints of disabling pain in his neck and arm were not credible in light of his activities and the objective medical data. The appeals Council affirmed this decision on October 12, 1983. The United States District Court for the Western District of Michigan affirmed the decision of the Secretary on October 1, 1984.
 
 
 3
 On Appeal Mr. Holmden contends substantial evidence does not support the Secretary's conclusion that he is capable of sedentary work and does not suffer from disabling pain. We do not agree. The record contains no medical evidence indicating that Mr. Holdmen's impairment has been or would be disabling for a continuous period of 12 months or that the impairment precludes his performance of sedentary work involving lifting no more than 10 pounds and occasional walking and standing. Mr. Holmden testified that he can walk a quarter of a mile, climb stairs, bend, and drive his car comfortably for twenty minutes. Mr. Holmden also testified that he performs light housework including laundry but performs no task requiring him to raise his arm. The petitioner does, however, visit with friends, attend movies, cut grass for short periods and had at one point during the alleged period of disability, attenpted to sail. Given Mr. Holmden's activities and his testimony that he believed he could operate a bowling alley or a lounge, we conclude substantial evidence supports the Secretary's decision the claimant is capable of performing sedentary work and does not suffer from disabling pain as defined under the Act. Accordingly, the judgment of the Honorable Wendall A. Miles is affirmed.